## Case No. 4,681.

FARRELL v. CAMPBELL.

[3 Ben. 8.][1]

District Court, S. D. New York. Nov., 1868.

Beebe, Donohue & Cooke, for libellant.
Hawkins & Cothren, for respondent.

BLATCHFORD, District Judge. The motion to open the default is denied. The depo-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

sition of the respondent taken in the case on the 12th of November, 1868, shows clearly that he has no defence. The respondent, in his answer, swears that he never hired Farrell to serve as chief engineer, or in any other capacity, on board of the Sylph; whereas, in the deposition referred to, he says: "I hired the libellant Farrell; I, acting as agent for the owner, hired him. He was hired as chief engineer." These contradictions show how reckless the respondent is in regard to what he swears to. As a choice must be made between his oaths, that one must be taken as true which bears most strongly in favor of the libellant. It is not pretended by the respondent, in his deposition, that Farrell did not, in pursuance of such hiring, serve on board of the vessel, and do his duties well and faithfully so long as he remained. The defence set up in the answer is that the respondent did not own the vessel, but was merely an agent for her owners to attend to certain portions of their financial business, and that his character as agent was well known to Farrell at the time Farrell was hired on board of the vessel, and that the respondent never acted in any other capacity than as agent, in respect to the vessel, and not as principal; and that Farrell deserted the vessel after being a short time in service on board of her. The respondent, in his deposition, says that he was agent for the owner of the vessel, and as such had charge of the business of the vessel at the place where Farrell was hired, but he does not swear that Farrell knew or was informed, at the time of the hiring, of the fact of the respondent's agency. On the contrary, Farrell swears that the business of the boat was managed by the respondent, that he appeared to have full control of the vessel and her business, and that he did not tell him (Farrell), when he hired him, that he (the respondent) was agent. Under these circumstances, the respondent's agency not being disclosed, and he managing and controlling the boat, and her business, and hiring Farrell, Farrell had a right to regard him as a principal, and can hold him personally liable for wages. Although the respondent may, in fact, have acted as agent for an undisclosed principal, so as to make such principal liable over to him, the respondent, or even liable to Farrell, yet quoad Farrell, for the purposes of this suit, the respondent was principal and not agent. As regards desertion, Farrell swears that he was hired at the rate of $125 a month, but for no fixed time; that he remained one day less than two months; that he did not agree to get a satisfactory substitute before leaving; and that he does not recollect that anything was said about giving notice before leaving the vessel. These statements are in no way contradicted by the respondent, in his deposition. All that he says on the subject is, that when Farrell said he was going to leave the vessel, he, the respondent, told him he must not do so, and that if he did he would forfeit all his pay, under the terms of the agreement made when, he, the respondent, hired him. The respondent does not testify that there were any terms other than naked hiring, nor does he state what the terms were to which he refers. Any loss or damage which the vessel or her owners may have suffered by reason of Farrell's having left when and as he did, if it can be laid to the account of Farrell, cannot be set up by the respondent. It can only be availed of by the owners when they are sued in personam, or the vessel is sued in rem. Besides, the answer sets up no such loss or damage. As to any adjudication by the military authorities at Hilton Head, nothing of the kind is set up in the answer, and it would be no defence if it were. On every ground the motion must be denied, with costs.